IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| ADAM LUSTER and | ) | |
| CRYSTAL LUSTER, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:08cv551-MHT |
| | ) | (WO) |
| GORDON LEDBETTER, in his | ) | |
| individual capacity, | ) | |
| CHRIS MILES, in his | ) | |
| individual capacity, and | ) | |
| A.J. RENFORE, in his | ) | |
| individual capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION

Plaintiff Adam Luster filed this lawsuit pursuant to 42 U.S.C. § 1983, asserting that, in the course of arresting him, defendant A.J. Renfroe (a police officer with the Eclectic, Alabama Police Department) used excessive force in violation of the Fourth Amendment. Luster properly invoked the jurisdiction of the court pursuant to 28 U.S.C. § 1331.

This lawsuit is now before the court on the following motions made in open court after Luster failed to appear for jury trial: (1) Luster's counsel's oral motion to use Luster's deposition in his absence from trial; (2) Luster's counsel's oral motion to continue trial; and (3) Officer Renfroe's counsel's oral motion for involuntary dismissal of Luster's claim.   For the reasons that follow, the dismissal motion will be granted and the other motions denied.

## I. PROCEDURAL BACKGROUND

A partial chronology of the case is warranted:

- **<u>July 11, 2008</u>**: Luster and his wife filed this lawsuit against Eclectic City Police Chief Gordon Ledbetter, Assistant Police Chief Chris Miles, and Officer Renfroe in their individual capacities; they demanded a trial by jury.   They charged that, in the course of arresting them, the officers violated the Fourth Amendment by forcing Luster's wife to stand nude outside their home and by striking Luster with sufficient

2

force to break his jaw or by failing to protect him from
the strike.

- **September 17**: Pursuant to Fed. R. Civ. P. 26(f)
and court order, counsel for parties conferred and
jointly proposed a discovery plan to the court.

- **September 23**: The court issued a scheduling order
authorizing discovery and setting a final pretrial
conference for July 17, 2009, and jury trial for August
10, 2009.

- **April 17, 2009**: Chief Ledbetter, Assistant Police
Chief Miles and Officer Renfroe filed a motion for
summary judgment.  Among the exhibits attached to the
motion was Luster's February 18, 2009, deposition.

- **May 7**: Luster and his wife filed a response to
the officers' summary-judgment motion.

- **July 1**: Luster and his wife filed an exhibit list
and witness list in preparation for trial.

- **July 17**: Counsel for all parties appeared before
the court for a final pretrial conference.

3

- <u>July 23</u>: Luster and his wife filed a supplemental response to the officers' summary-judgment motion.

- <u>July 27</u>: Luster and his wife filed proposed voir dire questions, proposed jury instructions, and a motion in limine in preparation for trial.

- <u>August 10</u>: The court issued an opinion and order granting summary judgment in favor of the officers on all claims except Luster's claim for excessive force against Officer Renfroe.  <u>Luster v. Ledbetter</u>, ___ F. Supp. 2d ____, 2009 WL 2448501 (M.D. Ala. 2009).  Jury selection and jury trial on the remaining excessive-force claim were continued to October 13, 2009.

- <u>September 30</u>: Luster filed more proposed jury instructions and voir dire questions in preparation for trial.

- <u>October 13</u>: The court's civil-jury term began. The trial on Luster's excessive-force claim against Officer Renfroe was the only one on the term.  A pool of 30 potential jurors reported for selection and service.

4

Officer Renfroe, his counsel, and Luster's counsel appeared before the court.    Officer Renfroe's counsel represented that approximately ten defense witnesses were present and prepared to testify.

Luster was not present.   His counsel stated that they had been unable to contact him and had not spoken with him for three weeks.    Counsel further stated that Luster was informed about the date of trial.

Officer Renfroe's counsel moved for involuntary dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).   Luster's counsel moved for a continuance and, in the alternative, to proceed with trial using Luster's deposition in his absence pursuant to Fed. R. Civ. P. 32(a).   At Luster's counsel's request, the court granted counsel until 5:00 p.m. on October 14 to locate their client and respond to the dismissal motion.

- <u>October 14</u>: Luster's counsel filed a status report stating that:

> "Plaintiff's counsel is unable to locate
> Plaintiff Adam Luster.    Plaintiff's

5

> counsel has gone so far as to send an
> office staff member to Elmore County to
> locate Plaintiff at any known address
> and to talk to neighbors to find out if
> they know of his whereabouts.  We have
> conducted a diligent search for
> plaintiff and have been unable to locate
> him."

Pl.'s Status Report (Doc. No. 109).  Counsel made a second request for more time to locate Luster and explain his absence.

Officer Renfroe filed a submission in support of his motion to dismiss.  The submission noted, among other things, that "[m]uch preparation, time and expenses were required of Defendant and his attorney for trial" and that, of the defense witnesses assembled on the trial date, all "except possibly one were employed." Submission in Support of Motion to Dismiss at 1 (Doc. No. 110).

- **October 15**: As requested in the October 14 status report, the court gave Luster's counsel until 5:00 p.m. on October 19 to locate Luster and explain his absence.

- <u>October 19</u>: Luster's counsel filed a second status report stating that:

> "Plaintiff's counsel is unable to locate Plaintiff Adam Luster.  Plaintiff's counsel has gone so far as to send an office staff member to Elmore County to attempt to locate Plaintiff at any known address and to talk to neighbors to find out if they know of his whereabouts. Plaintiff's counsel mailed a letter to Plaintiff and has searched Westlaw's People Finder, Alacourt, and the Yellow Pages both in book form and online. Plaintiff's counsel has telephoned everyone in the Elmore County area with names similar to or the same as those provided by Plaintiff and Plaintiff's spouse as (sic) relatives.  We have conducted a diligent search for Plaintiff and have been unable to locate him."

Pl.'s Second Status Report (Doc. No. 113).  Counsel made a third request for more time to locate Luster and explain his absence.

- <u>October 26</u>: The court denied Luster's counsel's third request for additional time.  The court explained that, "Despite their third request for more time, Luster's counsel have provided no evidence, or any reason

7

to believe, that they will find Luster" and that,
"Indeed, counsel's diligent and exhaustive efforts thus
far suggest just the opposite."  Order of Oct. 26, 2009
(Doc. No. 114), at 3.

## II. DISCUSSION

### a. Luster's Counsel's Motion
### to Use Luster's Deposition

As stated, Luster's counsel have moved, pursuant to
Fed. R. Civ. P. 32, that they be allowed to use Luster's
deposition on his remaining excessive-force claim in his
absence from trial.  Under this rule, all or part of a
deposition may be used against a party at a hearing or
trial if, "(A) the party was present or represented at
the taking of the deposition ...;(B) it is used to the
extent it would be admissible under the Federal Rules of
Evidence if the deponent were present and testifying; and
(C) the use is allowed by Rule 32(a)(2) through (8)."
Fed. R. Civ. P. 32(a)(1).  There is no dispute that
Officer Renfroe was represented at the taking of Luster's

8

deposition.   Thus   the   question   is   whether   Luster's deposition   is   admissible   under   the   Federal   Rules   of Evidence and allowed by other provisions of Rule 32.

When offered by Luster for the truth of the matter asserted, his own deposition is hearsay.   Fed. R. Evid. 801(c).   Although hearsay is generally not admissible, Fed. R. Evid. 802, the Federal Rules of Evidence provide exceptions, see, e.g., Fed. R. Evid. 803, 804, and 807. Authorized exceptions to the hearsay rule are also found outside the Federal Rules of Evidence in "other rules proscribed by the Supreme Court pursuant to statutory authority or by Act of Congress."   Fed. R. Evid. 802. "[Fed. R. Civ. P.] 32(a), as a free-standing exception to the hearsay rule, is one of the 'other rules' to which Fed. R. Evid. 802 refers." Useland v. United States, 291 F.3d 993, 996 (7th Cir. 2002); see also Vineyard v. County of Murray, 990 F.2d 1207, 1217 (11th Cir. 1993) (Godbold, J., dissenting) ("Fed. R. Civ. P. 32(a)[(4)] ... acts   as   an   exception   permitting   admission   of

9

deposition testimony when the witness is unavailable to testify at trial.").

Luster's counsel argue that Luster's deposition is admissible in his absence because he is unavailable. Both Fed. R. Evid. 804(b) and Fed. R. Civ. P. 32(a) provide for the admission of deposition hearsay if the declarant is unavailable as a witness.  Fed. R. Evid. 804(a) defines unavailability as including situations in which a declarant is exempt from testimony on the ground of privilege; will not testify despite a court order; "testifies to a lack of memory of the subject matter of the declarant's statement"; is deceased or unable to testify due to physical or mental illness; or "is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance ... by process or other reasonable means."  Rule 32 allows a party to use the deposition of any witness, "whether or not a party," if that witness is deceased; "more than 100 miles from the place of hearing or trial"; unable to

10

testify due to "age, illness, infirmity, or imprisonment"; or absent and "the party offering the deposition could not procure the witness' attendance by subpoena[.]" Fed. R. Civ. P. 32(a)(4)(A)-(D). Rule 32 also allows use of a deposition "on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E).

On the date scheduled for trial, Luster's counsel stated to the court that their client was unavailable, but did not then, and have not since, provided any evidence to support a finding that he was "unavailable" as that term is defined by either Fed. R. Evid. 804(a) or Fed. R. Civ. P. 32(a)(4); indeed, because the record reflects that Luster could have "procured" his own presence but chose instead to abandon his lawsuit (as the court will explain in more detail later), he was not, simply put, unavailable within the meaning of these

11

rules.   Nor have Luster's counsel pointed the court to any other rule under which Luster's deposition is admissible.   As Luster's counsel have not identified an exception to the hearsay rule that fits Luster's circumstances, the court finds his deposition is inadmissible hearsay.   Thus, Luster's counsel's motion to use Luster's deposition in his absence will be denied.

### b. Officer Renfroe's Counsel's Motion for Involuntary Dismissal

As stated, Officer Renfroe's counsel moves to dismiss Luster's remaining claim pursuant to Fed. R. Civ. P. 41(b).   "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."   Fed. R. Civ. P. 41(b).   "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice.'" Jones v. Graham, 709 F.2d 1457, 1459 (11th Cir. 1983) (citation

omitted and emphasis in original); <u>see also</u> <u>Gratton v.</u> <u>Great Am. Communs.</u>, 178 F.3d 1373, 1375 (11th Cir. 1999). "[B]ecause dismissal is considered a drastic sanction, a district court may only implement it, as a last resort[.]"   <u>World Thrust Films v. International Family Entertainment</u>, 41 F.3d 1454, 1456 (11th Cir. 1995).

In this case, the facts do not establish a record of delay on Luster's part.  To the contrary, as the partial chronology of the case outlined above demonstrates, Luster (or, at least, Luster's counsel) has attended mandatory pre-trial conferences with the court and meetings with opposing counsel, filed timely motions and responses, and otherwise prepared for the start of trial. Indeed, the primary conduct at issue is Luster's failure to appear on the date of trial.  <u>Compare</u> <u>Gratton</u>, 178 F.3d at 1375 (Plaintiff "intentionally misidentified a witness, ignored the court's order to release medical records, and failed to appear at a hearing for reconsideration of the court's order dismissing the

13

case."); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (counsel refused to submit a preliminary statement, failed to appear at a pretrial conference, and disobeyed an order to be ready for trial on a particular date); <u>Jones</u>, 709 F.2d at 1462 (upholding dismissal when based on a "long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders").

While Luster's failure to appear for trial is a single act, it is hardly insignificant.  "Where a plaintiff does not appear at the trial date ... Rule 41(b) dismissal is particularly appropriate.  Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'" <u>Knoll v. American Tel. & Tel. Co.</u>, 176 F.3d 359, 364 (6th Cir. 1999).  This is because "[a] litigant's day in court is the culmination of a lawsuit, and trial dates--particularly civil trial dates--are an increasingly precious commodity in our nation's courts." <u>Moffit v. Illinois State Bd. Of Educ.</u>, 236 F.3d 868, 873

(7th Cir. 2001). Therefore, "it is not unreasonable to treat a failure to attend trial more severely than [for example] a failure to comply with discovery orders in a timely fashion." Johnson v. Kamminga, 34 F.3d 466, 469 (7th Cir. 1994); see also 8 James Wm. Moore et al., Moore's Federal Practice § 41.51[3][h] (3d. ed. 2009) ("In balancing the need to alleviate calendar congestion with the plaintiff's rights to due process, the court should consider the overall effect of the plaintiff's conduct on other cases pending on its docket. Thus, dismissal may be especially warranted when such a failure to appear at trial is involved, because such failures are among the basic causes in creating a backlog of calendars."). The court also recognizes that "the harsh sanction of dismissal with prejudice is ... more appropriate in a case where a party, as distinct from counsel, is culpable." Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005).

Moreover, a plaintiff's failure to appear on the date of trial has the potential to cause great prejudice to the defendant, especially where the defendant has taken the time and expense of preparing and appearing for trial himself and has had his attorney and witnesses appear for trial.  Cf. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("[A] lesser sanction than dismissal would not have served the interests of justice" where "Defendants were physicians who had to cancel three days of appointments with patients to be present for trial[.]").

In this case, there are good reasons to sanction Luster with involuntary dismissal.  First, on August 10, 2009, the court ordered that jury selection and trial of this cause was set for October 13, 2009.  Implicit in this order was the understanding that, unless the date was further continued for good cause, the parties would be prepared to select a jury and try the case on the date specified.  In keeping with this understanding, the court reserved courthouse space, a court reporter, and a

courtroom clerk, and allocated other resources, including time away from other cases in its busy docket, to try this case.  In keeping with Luster's demand for a jury trial, the court assembled a venire of 30 persons from which a jury could be drawn.  The court had no other civil cases scheduled for trial on this date, and thus the venire was assembled solely for Luster's trial.  In short, the court provided, at substantial cost to taxpayers and with substantial inconvenience to members of the venire, an opportunity for Luster to prosecute his claim.

To be sure, all, or most of, these concerns are present every time a plaintiff fails to appear or is unprepared at the date of trial.  Despite the weight of these concerns, the court does not hold that all such failures are deserving of involuntary dismissal.  The court can imagine any number of mitigating circumstances--illness, family emergency, car trouble, perhaps even an incorrectly marked calendar--which might

17

warrant a lesser sanction.  Indeed, arguments based on
such circumstances may be especially compelling in cases,
like this one, where the plaintiff actively "prosecuted"
the case up to the date of trial.  But <u>some</u> explanation
must be offered.  In this case, the court allowed Luster
ample time to explain his absence and to respond to
Officer Renfroe's motion for involuntary dismissal, twice
granting Luster's counsel extra time to locate Luster.
<u>See</u> <u>Carter v. United States</u>, 780 F.2d 925, 928 (11th Cir.
1986) (suggesting that a district court may abuse its
discretion if it grants a motion to dismiss the "same day
it was filed thereby precluding the plaintiffs from
filing a responsive brief").  Yet, not only has Luster
failed to provide an adequate response, he has not even
contacted the court or his lawyers.  While his counsel
have vigorously attempted to locate him, their hard work
does not absolve him of the responsibility to prosecute
his own case.  With no explanation for Luster's absence,
and no reason to believe that any explanation is

forthcoming, the court concludes that he willfully failed to appear at trial.

Second, Luster's failure to appear caused significant prejudice to Officer Renfroe, who not only prepared for trial and traveled to court, but also assembled approximately ten witnesses to testify in his defense. A sanction short of dismissal would thus punish Officer Renfroe as well as Luster, forcing Officer Renfroe to undergo the same preparation and expense again, and perhaps without his full panoply of witnesses.

Third and finally, and perhaps most importantly, the evidence reflects not only that Luster was aware of the trial date and failed to appear, but also that his counsel had not heard from him for three weeks before trial and that, after trial, his counsel have been unable to locate him despite diligent and expansive efforts to do so. Only one reasonable conclusion may be reached from this evidence: that Luster has not merely missed a trial date but rather has willingly abandoned his

19

lawsuit.    In the face of a plaintiff's willing abandonment of his case, preservation of his case any longer would serve no purpose.

The court, therefore, finds that "a lesser sanction than dismissal would not ... serve[] the interests of justice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).   Officer Renfroe's motion for involuntary dismissal will be granted.

   c. Luster's Counsel's Motion to Continue Trial

The court will deny Luster's counsel's motion to continue trial for the same reasons that it will grant Officer Renfroe's motion for involuntary dismissal. Luster's failure to appear at trial has wasted judicial resources, inconvenienced potential jurors, and prejudiced Officer Renfroe.  Luster has made no attempt to explain his absence and, as of the date of this opinion, has been out of communication with his counsel for almost a month.  Indeed, it clearly appears that

20

Luster has abandoned his case. A continuance would serve no purpose.

***

For the foregoing reasons, Luster's counsel's motion to use Luster's deposition in his absence at trial and their alternative motion to continue trial will be denied. Officer Renfroe's motion for involuntary dismissal of the remaining claim in this case will be granted. A appropriate judgment will be entered.

DONE, this the 26th day of October, 2009.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE